798 F.2d 1417
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WINDSOR MOLD, INC., a Canadian Corporation, Plaintiff-Appellant,
v.
COLT INDUSTRIES OPERATING CORPORATION, a Delaware
Corporation, and Applied Manufacturing Systems,
Inc., a Michigan Corporation, Jointly
and Severally, Defendants-Appellees.
 No. 86-1317.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1986.
 
 Before KENNEDY, WELLFORD and MILBURN, Circuit Judges.
 ORDER
 Before KENNEDY, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon the motion of the appellee, Colt Industries Operating Corp., to dismiss the appeal for lack of jurisdiction and null and void notice of appeal. The appellant has responded in opposition thereto. The appellant, Windsor Mold, Inc., is appealing the March 18, 1986, order of the district court stating that an order previously issued by the district court on November 13, 1985, is final according to the provisions of Federal Rule of Civil Procedure 54(b). This is the third appeal filed in the instant action. On March 18, 1986, the district court granted the motion of the defendant for rehearing or reconsideration of the November 13, 1985, order. The district court had previously stated in the November 13, 1985, order that it was not a final order. The March 18, 1986, order stated that the November 13, 1985, order was final, but failed to specify the reason therefore.
 
 
 2
 Counsel for the appellant, Windsor Mold, Inc., sent the 6th Circuit Clerk a letter dated March 17, 1986, stating that the first appeal was still pending (No. 85-1697), and that the second appeal (No. 85-2018) had been dismissed because the order appealed from was not final. It suggested consolidating the first and third appeal. The Court subsequently issued a mandate reiterating the dismissal of the second appeal. The appellee alleges that the mandate dismisses Appeal No. 85-2018 and, by implication, the district court's March 18, 1986, Rule 54(b) certification of finality. While 85-2018 is certainly dismissed, the district court's order is not affected.
 
 
 3
 Solomon v. Aetna Life Ins., 782 F.2d 58 (6th Cir. 1986) "requires the district court to do more than recite the 54(b) formula of 'no just reason for delay'." Id. at 61. The court is required to articulate the reasons for 54(b) certification. In the instant case, the district court merely stated that "the November 13, 1985, order be designated as a final order pursuant to Federal Rule of Civil Procedure 54(b)." We therefore vacate the March 18, 1986, order and remand the case to the district court for further proceedings in accordance with this order.
 
 
 4
 Therefore, it is ORDERED that the appellee's motion to dismiss be denied. It is further ORDERED that the March 18, 1986, order of the district court is vacated and the case is remanded to the district court for further proceedings in accordance with this order.